IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

NO. 93-8539

_____

UNITED STATES OF AMERICA,                                Plaintiff-Appellee,

versus

ROGELIO PARADA-TALAMANTES,                          Defendant-Appellant.

_____

Appeal from the United States District Court for the
Western District of Texas
_____

(August 31, 1994)

Before REYNALDO G. GARZA, SMITH and PARKER, Circuit Judges.

ROBERT M. PARKER, Circuit Judge:

Defendant-Appellant Rogelio Parada-Talamantes ("Parada") was convicted by a jury of importing and possessing marihuana, and conspiring to import and possess it, in violation of 21 U.S.C. §§ 841(a)(3), 846, 952(a), 960(a)(1) and 963. Parada appeals his conviction on the grounds that the evidence was insufficient to prove he had knowledge or possession of the marijuana hidden inside the side panels of the van, and that the introduction of inadmissible and highly prejudicial evidence that Co-defendant Huriel Ramirez ("Ramirez") purchased the van from Parada's brother led to a finding of "guilt by association." We REVERSE.

FACTS AND PROCEDURAL HISTORY

On April 12, 1993, Parada approached the port of entry in Del Rio, Texas in a taxi cab. According to the Customs Agent, Parada

appeared nervous. His responses to questions were quick and evasive. A secondary inspection of the luggage Parada carried with him did not contain contraband. However, believing he might be involved in something illegal, the Customs Service decided to follow Parada into Del Rio.

About a mile from the port of entry, Parada got out of the cab and got into a van owned by Ramirez. The van drove to another location where a woman and at least one child entered the van. The van next proceeded to a grocery store parking lot, but no one exited the van. Then the van drove to another grocery store, parking in front of the public phones. Two men exited the van. They took turns entering the store and using the phones. Both men then looked under the wheels and hood of the van.

The two men got back into the van and drove to a fast food restaurant. The van pulled into the parking lot and drove through the drive-thru lane. After the van left the restaurant, it was stopped by a Department of Public Safety officer. The officer was joined by several Customs Agents. The driver of the van identified himself as Ramirez. Parada was in the passenger seat. Also in the van were Parada's wife and four children.

Ramirez consented to a search of the van. After a cursory search was conducted of the interior of the van, the agents requested that a drug detection dog be brought to the scene. The dog altered to the area in front of the right rear tire of the van. Ramirez and Parada were arrested. The van was taken to the port of entry where agents found 114.6 pounds of marijuana secreted in

false compartments in the walls on both the driver's and passenger's side of the van.

Parada and Ramirez were tried together before a jury. A jury found Parada guilty of marijuana conspiracy, importation, and possession charges in violation of 21 U.S.C. §§ 841(a)(3), 846, 952(a), 960(a)(1) and 963. He was sentenced to 33 months in prison, three years of supervised release and $200.00 in mandatory special assessments.

### GUILT BY ASSOCIATION

Parada contends that the district court erred by admitting evidence against him that Parada's brother, Carlos Parada, sold the van used to smuggle the marijuana to Ramirez. He argues that the fact that Carlos Parada sold the van containing hidden compartments for smuggling marijuana to Ramirez bore no logical relationship to any issue in controversy at Parada's trial. Because no reasonable inferences could be drawn from this evidence by a reasonable juror, the evidence is not relevant. Moreover, the admission of the evidence was improper and highly prejudicial because the Government used it to try and establish Parada's guilt by showing he was related to a guilty person. See *United States v. Singleterry*, 646 F.2d 1014, 1018-20 (5th Cir. 1981), *cert. denied*, 459 U.S. 1021, 103 S.Ct. 387, 74 L.Ed.2d 518 (1982). Because evidence of "guilt by association" is typically highly prejudicial, it should be excluded. See *United States v. McAfee*, 8 F.3d 1010, 1017 (5th Cir. 1993).

We will reverse a district court's rulings on the

admissibility of evidence only on finding an abuse of discretion. *United States v. Liu*, 960 F.2d 449, 452 (5th Cir.), *cert. denied*, ___U.S.___, 113 S.Ct. 418, 121 L.Ed.2d 341 (1992). "Evidence in criminal trials must be 'strictly relevant to the particular offense charged.'" *United States v. Anderson*, 933 F.2d 1261, 1267-68 (5th Cir. 1991) (quoting *Williams v. New York*, 337 U.S. 241, 247, 69 S.Ct. 1079, 1083, 93 L.Ed.2d 1337 (1949)).

This Court has previously established and upheld the rule that a defendant's guilt may not be proven by showing that he is related to an "unsavory" person. *Singleterry*, 646 F.2d at 1014. In *Singleterry*, this Court held that an attempt to show guilt by association was "plain error." *Id*. at 1018. We have no doubt that the Government's introduction of evidence regarding Carlos Parada's connection with Ramirez's van and his familial relation with Parada "was a highly prejudicial attempt to taint defendant's character through 'guilt by association.'" *United States v. Romo*, 669 F.2d 285 (5th Cir. 1982) (quoting *United States v. Labarbera*, 581 F.2d 107, 109 (5th Cir. 1978)). Certainly, the fact that the man who sold the van to Ramirez was also Parada's brother had no relevance with regard to the offenses charged against Parada. Even less relevant was the evidence regarding Carlos Parada's alleged involvement in marihuana smuggling, especially in light of the fact that Carlos Parada was not charged in this case.

Parada objected to the introduction of the evidence regarding the sale of the van from Carlos Parada to Ramirez at the time it was offered. The district court overruled his objection. While we

4

recognize that the facts surrounding the purchase of a van containing secret compartments from someone who had owned other vans with secret compartments that had been previously seized by U.S. Customs might have been admissible against Ramirez, it was not connected to Parada in any way except for the fact that the seller was his brother. To saddle Parada's defense with the transgressions of his brother places a sisyphean burden on this search for the truth effectively foretelling the result. Therefore, we find that the admission of such highly prejudicial evidence in the absence of any curative instruction amounts to reversible error.

## SUFFICIENCY OF THE EVIDENCE

Parada also contends that the evidence adduced at trial was insufficient to support his conviction because the evidence failed to even show Parada had knowledge that marijuana was hidden in Ramirez's van. Parada argues that his actions and statements, viewed in the light most favorable to the Government, only arguably show he was conscious of some illegality. Without proof that he knew of the presence of marijuana in the van, Parada could not properly be convicted of possessing or importing marijuana, or of conspiracy to possess or import marijuana.

The question raised is whether the evidence is sufficient to support the jury's conclusion that Parada knowingly and intentionally possessed the marijuana and that he knowingly participated in a conspiracy to possess and import it. We must affirm a jury verdict so long as there is evidence sufficient to

5

allow a reasonable jury to find a defendant guilty beyond a reasonable doubt. *United States v. Henry*, 849 F.2d 1534 (5th Cir. 1988). We must view the evidence and all inferences from the evidence in the light most favorable to the verdict. *United States v. Bell*, 678 F.2d 547, 549 (5th Cir. 1982) (en banc), *aff'd*, 462 U.S. 356, 103 S.Ct. 2398, 76 L.Ed.2d 638 (1983).

Assuming the jury accepted the version of the evidence favorable to the verdict, we find that several factors could have led the jury to conclude that Parada knew the marijuana was hidden in Ramirez's van and conspired with Ramirez to smuggle the marijuana into the United States. First, Parada's wife and children traveled through the port of entry in the marijuana-laden van with Ramirez. Parada, however, drove across the border in a separate vehicle with all their luggage. This plan of entry into the United States is common *modus operandi* in drug-smuggling operations. The jurors could have inferred that Ramirez and Parada planned to enter separately so that the van would not be inspected by Customs Agents.

Second, Parada acted nervous and answered the Customs Agents' questions regarding where he was traveling in an evasive manner. Once he entered the U.S., he quickly joined his family and Ramirez in the van. The van stopped frequently, and at one stop both Ramirez and Parada exited the van to use the phone. The jurors could have inferred that Ramirez and Parada were attempting to set up a purchase of the marijuana.

Third, Ramirez and Parada inspected the underside of the van.

6

The jurors could have inferred that they were looking for marijuana leaking from the van.

The above facts demonstrate more than merely Parada's knowledge of the possibility of some illegality. We are satisfied that a properly instructed jury could have inferred from the evidence outlined above that Parada knew that the marijuana was hidden in the van, had constructive possession of the marijuana, and participated with Ramirez in a conspiracy to smuggle the marijuana into the United States for distribution.

## CONCLUSION

Because the district court erroneously admitted evidence regarding Carlos Parada based on "guilt by association" and did not give a curative instruction, we REVERSE Parada's conviction. We REMAND the case for a new trial with instructions to exclude any evidence regarding Carlos Parada.

7