NO: PD-1345-15        1345-15

IN THE

COURT OF CRIMINAL APPEALS.

ORIGINAL

BOBBY JOE EVENS

APPELLANT/petitioner

VS.

THE STATE OF TEXAS

APPELLEE/RESPONSANT

APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

RECEIVED IN
COURT OF CRIMINAL APPEALS

DEC 22 2015

Abel Acosta, Clerk

IN APPEAL NO. 06-15-00079-CR

FROM THE

COURT OF APPEALS

SIXTH DISTRICT OF TEXAS

AT TEXARKANA

FILED IN
COURT OF CRIMINAL APPEALS

Abel Acosta. Clerk

BOBBY JOE EVENS
#1995944
POLUNSKY UNIT
3872 F.M.350 SOUTH

LIVINGSTON,TEXAS 77351

TABLE OF CONTENTS _____ 2

INDEX OF AUTHORITIES_____ 3-4

STATEMENT REGUARDING ORAL ARGUMENT_____ 5

STATEMENT OF PROCEDURAL HISTORY_____ 6

GROUNDS FOR REVIEW_____ 6

GROUNDS FOR REVIEW

(1) INSUFFICIENCY OF EVIDENCE IN REFERENCE TO 1,030 DOLLARS IN CURRENCY APPELLANT EVANS POSSESSED ON NOV 09,2010.(A) (B) (C) (D)

(2) INSUFFICIENT EVIDENCE (GUILT BY ASSOCIATION) WHETHER THE DISTRICT COURT ERROR BY PROVING APPELLANT'S GUILT BY SHOWING HE ASSOCITATED WITH A GUILTY PERSON ON NOV 09,2010 (A) (B) (C)

(3) INSUFFICIENT EVIDENCE IN REFERENCE TO 5.63 GRAMS OF CRACK COCAINE BEING A INSUFFICIENT AMOUNT IN WEIGHT TO SUPPORT A MANUFACTURE DELIVERY CHARGE

(4) WHETHER THE DISTRICT COURT ERROR BY NOT GIVING A UNREQUESTED ART.38.14, 38.075, OR 38.17 INSTRUCTION TO THE JURY (A) (B)

(5) WHETHER THE SIXTH DISTRICT COURT OF APPEALS AT TEXARKANA ERROR IN EVULATING THE SUFFICIENCY OF EVIDENCE (A-I)

ARGUMENT NUMBER ONE (A) (B) (C) (D) A-6-8) B-8-9) C-9-10) D-10)

ARGUMENT NUMBER TWO (A) (B) (C) A-10) B-10) C-10-11)

ARGUMENT NUMBER THREE _____ 11

ARGUMENT NUMBER FOUR (A) (B) A-11-12) B-12-14)

ARGUMENT NUMBER FIVE (A-I) 14--15

PRAYER FOR RELIEF_____ 15

CERTIFICATE OF SERVICE_____ 15

APPENDIX_____ Attached -1-6

## INDEX OF AUTHORITIES

CASES

ALMANZA V.STATE 686S.W.2d 157,171 (Tex Crim App 1981)(Op.on REH'G)
SUPERSEDED ON OTHER GROUNDS BY RULE AS STATED IN RODRIGUEZ V.
STATE 758 S.W.2d 787, 788 (Tex Crim App(1988)_____ 12-13

UNITED STATES V. ANDERSON 933 F.2d 1261, 1267-68(5th Cir.1991)___ 7

QUOTING WILLIAMS V. NEW YORK 337 U.S.241, 69 S.CT.1079,1083_____ 7

BRITTON V.STATE 793 S.W.2d AT 768-769 COURT OF APPEALS OF TEXAS
FORT WORTH TX (AUG.15,1990)_ 7

BADILLO V. STATE 963 S.W.2d 854,855(Tex App SAN ANTONIO 1998,
PET REF'd_____ 12

BROOKS V. STATE 323 S.W.3d 893 (2010) TEXAS CRIMINAL APPEAL LEXIS
1240 NO:P.D.0210-09 OCT 06(2010 delivered pg.5)_____ 11

BROOKS V. STATE 10-07-00309-cr 2008 TEX APP 7364 at 11 (TEX APP
WACO DELIVERED OCT 1st (2008)_____ 11

CHAPMAN V. STATE 470 S.W.2d 656, 660 (TEX CRIM APP (1971)_____ 12

CLEWIS V. STATE 922 S.W.2d at 149_____ 11

UNITED STATES V. FORREST 620 F.2d 446, 451 (5th Cir 1980)_____ 10

UNITED STATES V. HENDERSON 524 F.2d 489 (5th Cir 1975)_____ 11

JOHNSON V. STATE 23 S.W.3d 1,13 Tex Crim App(2000)_____ 11

KNIGHT V. STATE NO: 10-01-176-CR COURT OF CRIMINAL APPEALS OF
TEXAS-WACO, NOV 06 2002_____ 12

UNITED STATES V. LABARBERA 581 F.2d 107, 109(5th Cir 1978_____ 8

UNITED STATES V.LIV 960 F.2d 499, 552,552 (5th Cir) US-113 S.CT.418,
121 L.E.D.2d 341 (1992_____ 7

UNITED STATES V. LONGORIA 569 F.2d 422 (5th Cir 1978)_____ 10

MANSON V. STATE 416 S.W.3d 720,743 N.17 (Tex App HOUSTON) (14th
DISTRICT)_____ 12

UNITED STATES V.McAFFEE 8 F.3d 1010,1017 (5th Cir 1993_____ 7

UNITED STATES V MARTINEZ 486 F.2d 15 (5th Cir 1973)_____ 11

STATE V CHRISTOPHER ALLEN PHILLIPS 436 S.W.3d (1014)_____ 12-12

Tex App.Lexis 5316 NO:10-12-00164-CR (May 15th 2014)_____ 12

Tex Code Crim Proc Ann Art.38.075 (Supp.2013_____ 11

SANDERS V STATE 817 S.W.2d 688,692 (tex Crim App 1991)_____ 13

RUIZ V STATE 858 S.W.3d 676,679,681 (Tex App Corpus Christi(2011)_ 12

SCHNIDIT V STATE 357 S.W.3d 845,850-851 (Tex App-Eastland (2012)_ 12

UNITED STATES V SINGLETERRY 646 F.2d 1014,1018-20 (5th Cir 1981)_ 7

UNITED STATES V REGELIO PARADA TALAMANTES 32 F.3d 168-171_____ 6

UNITED STATES COURT OF APPEALS (fifth Cir AUG 31st 1994_____ 6

TIBBS V FLORIDA 457 US 31,42, 102 S.Ct.2211-72 L.Ed 652(1982)____ 11

WATSON V STANDARD 204 S.W. 3d at 477_____ 11

WAIKINS V STATE 333 S.W.3d 771,779,787, (Tex App WACO (2010)____ 12

WILLIAMS V NEW YORK 337 US 241, 69 S.Ct. 1079,1083, 93 L.E.D.
1337 (1994)_____ 7

4

IN THE

COURT OF CRIMINAL APPEALS

OF TEXAS

---

BOBBY JOE EVENS

APPELLANT/PETITIONER

VS.

THE STATE OF TEXAS

APPELLEE/RESPONDANT

---

APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

---

TO THE COURT OF CRIMINAL APPEALS OF TEXAS

Appellant/Petitioner Respectfully Submits This Petition for Discretionary Review And Moves This Honorable Court Grant Review Of This Cause And Offers The Following In Support Thereof:

## STATEMENT REGUARDING ORAL ARGUMENT

T Appellant/Petitioner request oral argument in this case because such argument may assist the Court in applying the facts to the issues raised. It is suggested that oral argument may help simplify the facts and clarify the issues.

## STATEMENT OF THE CASE

_This is an appeal from the judgement and sentences in a criminal case in the 196th District Court in Hunt County,Texas. The Appellant was indicted on May 27, 2011 for possession of a controlled substance with the intent to deliver, namely: cocaine, four grams or more but less than two hundred grams. After entering a plea of not guilty, Appellant elected to be tried and sentenced by a jury. On April

09,2015 the jury found Appellant guilty and made a finding of true to two or more enhancements. The jury assessed punishment at life in the Texas Department of Criminal Justice-Institutional Division. Appellant filed a notice of appeal on May 05,2015.

## STATEMENT OF PROCEDURAL HISTORY

In cause number 06-15-00079-CR the Appellant/Petitioner was charged with the offense of possesion of a controlled substance with intent to deliver namely: cocaine, four grams or more but less than two hundred grams. The Appellant/ Petitioner was convicted of such offense andfound guilty on April 09,2015 and appealed the convictionon May 05,2015. On September 18,2015 the Court of Appeals Sixth Appeallate District, State of Texas at Texarkana, affirmed the conviction. No motion for rehearing was filed. On _12 - 14 - 2015_ this Petition for Discretionary Review was timely forwarded to the Court of Criminal Appeals for filing pursuantto Rule 9.2(b), Texas Rules of Appellate Procedure.

## GROUNDS FOR REVIEW

(1) Insufficiency of evidence in referency to 1,030 dollars in currency Appellant Evens possessed on Nov.09,2010.

(2) Insufficient evidence (guilt by association) whether the District court error by proving Appellants guilt by showing he associated with a guilty person on Nov.09,2010.

(3) Insufficient evidence in reference to 5.63 grams of crack cocaine being a insufficient amount in weight to support a manufacture delivery charge.

(4) Whether the District Court error by not giving a unrequested Art.38.14 38.075 or 38.17 instruction to the jury.

(5) Whether the Sixth District Court of Appeals at Texarkana error in evulating the sufficisncy of evidence A-I

## ARGUMENT # 1 A

### INSUFFICIENCY OF EVIDENCE

Whether the District Court error by admiting evidence against Appellant Evens that 1,030 in currency that was in Appellant Evens possession was related to drug money. Appellant Evens relying on UNITED STATES V. REGELIO PARADA TALAMANTES 32 F.3d 168-171 UNITED STATES COURT OF APPEALS (fifth circuit, aug.31st 1994) Appellant Evens contends that no reasonable inferences could be

drawn from this evidence by a reasonable juror. The evidence is not relevent, moreover the admission of such evidence was improper and highly prejudical because the State used it to try and establish Evans guilt by showing he associated with a guilty person. See UNITED STATES V.SINGLETERRY 646,F.2d 1014, 1018-20 (5th Cir.1981) Cert denied 451 US 1021, 103 S.Ct.387,74 L.E.D.2d 518(1992) Because guilt by association is typically highly prejudical. it should be excluded. See UNITED STATES V McAFFEE 8 F.3d 1010,1017 (5th Cir.1993)(2)___ we will reverse a District Court ruling on the admissibility of evidence only on a finding of a abuse of discretion. UNITED STATES V.LIV 960 F.2d 499,552 (5th Cir) Cert denied US_113_S.Ct.418,121 L.E.D.2d 341(1992) Evidence in acriminal trial must be strictly relevent to the particular offense charged. UNITED STATES V ANDERSON 933 F.2d 1261,1267-68(5th Cir 1991) Quoting WILLIAMS V NEW YORK 337 US 241, 69 S.Ct.1079,1083,93 L.E.D 1337 (1994) See SINGLETERRY 646 F.2d at1014. In Singleterry this Court held an attempt to show guilt by association was plain error. Id at 1018.

 Appellant Evans relying on BRITTON V STATE 793-794 S.W.2d at 768-769 Court of Appeals of Texas, Fourt Worth, Aug 15th 1990 1, G.P.D. officer Lt.Cole did not have sufficient probable cause to arrest Appellant on Nov 09 2010 for a expired inspection sticker. After warrantless search of Appellants vehicle discovered no contraband, therefore the incident to arrest was unlawfull [U.S.C.A. Const Amend. 4; Vernons Ann.Texas Civ.St.671d 51.(2.) To prove possession of controlled substance State must show that defendant was aware that his conduct or circumstances surrounding his conduct constituted possession of a controlled substance [3] State is required to prove affirmative links between accused and custody and control of contraband in order to prove possession. [4] Mere presence at a place where controlled substance is being used or possessed is insufficient to establish joint possession.

 (corroboration) Futhermore when the State alleges manufacture delivery or possession with the intent to deliver a controlled substance proof of an offer to sell must be corroborated by a person other then the offeree or by evidence other than a statement of the offeree.(TEX HEALTH AND SAFETY CODE Ann.§481.183(a)(VERNON 1992)

The State did not establish sufficient affirmative links between defendant and contraband found in the vehicle the States witness Smith was riding in. Altho the State attempted to establish at least joint custody and control through officers testimony that Appellant met with Smith at a Nat 24 convient store on Nov 9,th 2010. Although meeting with Mr Smith who was later found to be in possession of contraband is not enough relible trust worthy evidence that Appellant actually ever possessed the contraband found in the vehicle Smith was riding in. Thus that contraband could have belong to anyone in that vehicle. Appellant contends Smith actually possessed the contraband prior to meeting Appellant. Futhermore theres no sufficient evidence to support the States case that Appellant was even aware of anyone being in possession of contraband and theres no factual evidence that Appellant actually possessed, manufactured or delivered the contraband to Smith, therefore that leaves the States case devoid of where a conviction could rest on.

(Pretextual Arrest) Is one made for the purpose of eliciting testimony or making search incident to that arrest. On Nov 9th 2010 Lt. Cole of G.P.D. stopped Appellant, searched Appellant, and unlawfully and warrantlessly authorized K-9 unit to search Appellants truck, and discovered no contraband then take Appellant into custody only for a inspired inspection sticker and thus confiscate 1,030 in currency from Appellant unlawfullly thats considered by law a (PRETEXTUAL ARREST) and later in Appellants trial the State taint the jury with evidence confiscated from this illegal pretextual arrest.

## ARGUMENT # 1 B

Whether the District Court error in reference to the introduction of evidence being one thousand dollars in currency confiscated from Evens on Nov 09 2010 while only being arrested for a traffic violation being a expired inspection sticker RR Vol 5 of 10 trial on merits pg 26

Appellant contends that this was illegal and a highly prejudical attempt to taint defendants character through guilt by association UNITED STATES V ROMO 699 F.2d 885(5th Cir 1992) Quotting UNITED STATES V LABARABERA, 581 F.2d 107, 109 (5th Cir 1978)

Appellant Evens contends the States witness Smith entered his truck so that he could retrieve his step daughters car keys. Moreover while Appellant waited on Smith to arrive Appellant Evens contends he was counting and seperating a nemurious amount of tweenty dollar bills

8

inorder to pay three seperate car notes. Appellant contends Robert Lewis Smith Jr. notice in plain sight that Appellant Evens was in possession of all of this currency, therefore it's no suprise that Smith alledges he gave Appellant Evens ten tweenty dollar bills. RR Vol 5 of 10 trial on merits pg 75

Lt. Cole of the G.P.D. states the currency Evens had was organized in a certain order RR Vol 5 of 10 trial on merits pg 132-142

Appellant Evens contends the currency he possessed consisted of forty six tweenty dollar bills, one hundred dollar bill and one ten dollar bill in visible sight of Smith. RR Vol 10 exhibits volume of currency photos 23-26

Therefore Smith need not have ESP to alledge he gave Appellant ten tweenty dollar bills while prosecutor tries to taint jury. RR Vol 5 of 10 trial on merits pg 169


## ARGUEMENT #1 C

Appellant Evens contends the evidence adduced at trial was insufficient to support his conviction because [1] the evidence fails to show Evens ever possessed, manufactured or delivered drugs to Smith. Appellant argues although his actions and statements viewed in light most favorable to the (government) only arguably show he was conscious of some prior illegality. Moreover without proof that Evens actually possessed, manufactured or delivered drugs to Smith Appellant Evens could not properly be convicted of manufacture delivery.

Appellant contends theres no reliable proof that he ever manufactured any drugs (citing) just because he had prior knowledge of how it was done dosn't infer that he actually ever personally manufactured any drugs. RR Volume 10 of 10 reporters record Volume, pg 7-12 also see states exhibits 86, pg 7-12. Appellant contends someone else always manufactured the drugs. RR Reporters records volume 10 of 10 pg 10-12 also see states exhibits 86, 10-12. Appellant contends theres no reliable evidence to support a guilty verdict, and that he was found guilty only by his association with Smith that day on (Nov,09,2010) Appellant Evens objected to the introduction of evidence reguarding the revelancy of 1,030 in currency RR Index Vol 5 trial on merits pg 134. The District Court overruled his objection. Appellant contends theres no reliable proof that any of the 1,030 in currency that was in Evens possession was connected to Smith in any way.

Moreover to saddle Evens defense with the transgression of Smith being in possession of drugs place a Sisyphean burden on this search for the truth effectively fortelling the result. Futhermore the asmission of such highly prejudical evidence in absence of any curative instruction amounts to reverseable error.

## ARGUEMENT # 1 D

Whether the District Court error by over ruling defendants Evens objection in reference to insufficient evidence the State introduced over defense objectionreguarding revelancy of 1,030 in currency **RR INDEX VOL 5 TRIAL ON MERITS pg 134** The district court over ruled the defendants objection, Appellant Evens contends theres no reliable proof that the 1,030 in currency Evens was in possession of was connected to Smith in any way futhermore the admission of such highly prejudical evidence in absence of any curative instruction amounts to reverseable error.

Whether the District Court error by showig Appellant Evens associated with unsavory characters, **Arguement #2 A**
Appellant Evens contends a defendants guilt may not be proven by showing he associates with unsavory characters. The fact that the defendant associated with or in the company of a criminal does not support theinference that the person is a criminal or shares the bad conduct or relatives or friends is error: Questions relating to convictions of associates or relatives are not admissable under Fed. R.Evid 404(a) provides (a) character evidence: Fed.R.Evid 609
(a) provides that for the purpose of attacking the credibilityof a witness evidence that he has been convicted of a crime shall be admitted (if) eletced from him or establish by police record during cross examination. But only if the crime was punishable by death or imprisonment in excess of one year under the law which he was convicted and the court determines thatThe probative value of admitting this evidence outweighs it's prejudical effect to the defendant or (2) involved in dishonesty or false statements of punishment.

## ARGUEMENT #2 B

Whether the District Court error by admitting insufficient evidence.
Appellant Evens contends the introduction of evidence generally evidence of a persons character or a trait of his character is not admissable for the purpose of proving that he acted in conformity therewith on a paticular occasion except (1) charaster of the accused evidence of a pertinent trait of his character offered by an accused or by the prosecution to rebut the same

## ARGUEMENT #2 C

Whether the District Court error by proving Appellant Evens guilt by his association with a guilty person.
The long established rule that a defendants guilt may not be proven by showing he associates with unsavory characters. In **UNITED STATES V FORREST**,620 F2d 446,451(5th Cir 1980) we stated: that one is married to, associates with or in the company of a criminal does not support the inference that that person is a criminal or shares the criminal guilty knowledge." See **UNNITED STATES V LONGORIA,** 569 F.2d 422(5th Cir1978)

10

UNITED STATES V HENDERSON, %@$ F.2d 489(5th Cir 1975) UNITED STATES V MARTINEZ $*¢ F.2d 15(5th Cir 1973) we have held that admission of evidence of bad conduct of relatives or friends is error.

## ARGUEMENT #3

## Insufficiency of Evidence

(whether) the District Court error by admitting over defense objection 5.63 grams of crack cocaine into evidence in support of a manufacture delivery charge.

**Appellant Evens relying on Kelvin Kianta Brooks v State, Texas Court of Criminal Appeals of Texas 323 S.W.3d 893(2010) Texas Criminal App. Lexis 1240 no:P.D.0210-09 Oct.06(2010) delivered pg.(5)** Appellant Evens contends 5.63 grams is insufficient evidence to support a manufacture delivery charge because this amount isalso consistent with personal use, additional evidence is required. **See Brooks v. State 10-07-00309 CR 2008 Texas App Lexis 7364 at 11(Tex App Waco delivered Oct 1st 2008 (memorand opinion not designated for publication See Brooks v State 2008 Tex App Lexis 7364 at *12 *13 pg (7)***** See Tibbs v. flordia 457 U.S.31,42,102 S.Ct.2211 72 1.Ed 652(1982) (internal quotes omitted describing Appellale reversals of conviction based on evidentary(weight) Watson standard 204 S.W.3d at 477 makes the reviewing court a thirteenth jurror viewing the credibility of weight testimony. See Johnson v State 23 S.W. 3rd 1,13(Tex Crim App 2000) See Clewis v State 922 S.W.2d at 149 citing Tibbs v State 457 U.S.at 42** 

Appellant Evens contends based in part on Smith on admission that he is a excessive drug user this amount Smith possessed is consistant with personal use that Smith actually possessed prior to meeting with Appellant.**RR VOL 5 of 10 trial on merits pg 82**

## ARGUEMENT # 4-A

Whether the district court error by not giving a unrequested article 38.14,38-075, or 38.17 instructionto the jury.

Appellant Evens contends he suffored egregious harm due to the fact the States key witness, Robert Smith Jr. was a jailhouse witness, jailhouse informant, or accomplish witness and the State relied totally on his testimony to support a conviction. There was no substantial evidence to support a guilty verdict and due to the fact Smith testimony was admitted without any curative instruction, this caused Appellant Evens to suffer (egregious harm). Smith made confessions andadmissions to the alledged crime without any curativeinstruction to the jury. Appellant Evens contend this curative instruction falls under the rule of law as accomplish witness testimony argued on direct appeal to the court of criminal appeals sixth appellate district of Texas at Texarkana. Appellant Evens is relying on the **STATE V.CHRISTOPHER ALLEN PHILLIPS COURT OF CRIMINAL APPPELAS OF TEXAS,TENTH DISTRICT WACO 436 S.W.3d:2014 TEX APP.LEXIS 5316 No: 10-12-00164-CR (MAY 2014) TEXAS CODE CRIM.PROC. Ann.ART38.075 (SUPP.2013)was enacted in recognition that incarcerated individuals** have an incentive to provide information against other incarcerated individuals and that is therefore imprudent to convict a person based on an incarcerated jailhouse witness, jailhouse informant or accomplish witness statement, all three are characterized

the same as one based on their statement providing information related to a crime only declares the crime was committed. Without additional evidence to substantiate the informants claim.

Appellant contends under this rule of law requiring curative instruction, the jailhouse witness, jailhouse informant witness or accomplish witness testimony must be disreguarded to determine if there is any evidence that tends to connect the defendant to the crime. **CHAPMAN V STATE 470 S.W.2d 656, 660(Tex Crim App 1971) See also EX PARTE ZEPADA 819 S.W.2d 874,876(Tex Crim App 1991)**

Absent jailhouse witness, jailhouse informant witnessor accomplish witness, evidence that tendsto connect defendant to the crime, the jailhouse witness, jailhouse informant or accomplish witness testimony will not supportthe conviction and the defendant must be acquitted. **SEE TEX CODE OF CRIMINAL PROC ART 38.17(WEST 2004) Badillo v state 963 S.W.2d 854,855 (Tex App San Antonio 1998,Pet Ref'd)6.**

Appellant Evens contends this case conflicts with theSixth Court of Appeals ruling on case No: 06-15-00079-CR, on appeal from the 196th district court, Hunt CountyTexas, trial court No:27388. The decision conflictswith **THE STATE OF TEXAS V CHRISTOPHER ALLEN PHILLIPS COURT OF APPEALS OF TEXAS, TENTH DISTRICT WACO,436S.W.3d 333;2014 LEXIS,5316 No: 10-12-00164-Cr May 15,2014 Opinion delivered May 15,2014. Opinion filed** in this case considers a jailhouse witness jailhouse informant or accomplish witness. All three are in the same catagory by rule of law and requires curative instruction in reference to (1) Tex CodeCrim.Proc.Ann art.38.14(WEST 2004) (2) jailhouse informant testimony, Tex Code Crim. Proc Art 38.14 (WEST) 2004) **See brooks v state 357 S.W3d 777,778 (Tex App Houston(14th Dist) Pet Ref'd) (3) See Manson v State 416 S.W.3d 720,743 N.17 (Tex App Houston (14th Dist) Pet Ref'd) SCHNIDT V STATE 557 S.W.3d 845,850-851 (Tex App Eastland 2012 Pet Ref'd) BROOKS V STATE %%& S.W.3d 777-781(Tex App Houston 14th Dist)2011; Pet Ref'd) RUIZ V STATE,358 S.W.3d 676,679-681(Tex App Corpus Christi; 2011,no pet) WATKINS V STATE 333 S.W.3d 771,778-779(Tex App WACO 2010,Pet Ref'd)**

## ARGUEMENT #4-B

Appellant Evens relies on Knight v State No: 10-01-176-Cr Court of **Criminal Appeals of Texas Waco Nov 06,2002** Appellant Evens contends that the trial court committed egregious harm by notgiving an unrequested Art 38.14,38.17,or 38.075 instruction to the jury in the present case appellant did notand could not have gotten a fair trial without a proper jury instruction as to accomplish witness, jailhouse witness or jailhouse informant testimony of Robert Lewis Smith Jr. **(RR Vol.5,81; 14-25) (RR Vol 5,75; 15-23)** Mr. Smith testimony is inherently suspicious and is untrustworthy enough that a conviction should not rest soly on such testimony. The Texas Legislature memorslized this truth through Article 38.14 Art 38.17, and Art 38.075 of the Code of Criminal procedures. A conviction cannot stand upon the testimony of an accomplish witness, jailhouse witness or jailhouse informant witnessunless corrborated by other evidence tending to connect the defendant with the offense committed and the corrobration is not sufficient if ti merely shows the commission of the offense. Since no proper objection was made at trial defendant claim the error was fundamental and so egregious and created such harm that he has not had a fair and impartial trial. In short egregious harm;"**ALMANZA V STATE,686 S.W.3d 157,171**

12

Tex Crim App 1981) (ot on reh'g) Supereeded on other grounds by Rule as stated in **RODRIGUEZ V STATE** 758 S.W.2d 787,788 (Tex **CRIM** App 1988) Specifically, in the case of a necessary Art 38.14. Art.38.17 or Art 38.075 instruction that was omitted without objection at trial, egregious harm occurs if jurors would have found the corroboration evidence so unconvincing in fact as to render the States over all case for conviction clearly and significantly less persuasive without the accomplish witness testimony. **Sanders v State**,817 S.W.2d 688, 692 (Tex Crim App 1991) The jury in this cases was asked to determine the guilt or innocence of the Appellant based mostly off the testimony of Mr. Smith, but with no instruction to the jury concerning the jailhouse witness testimony, jailhouse informant testimony oraccomplish witness testimony. This caused (EGREGIOUS HARM) to the appellant. The States none jailhouse witness jailhouse informant or accomplished witness evidence is weak on it's own and absent the jailhouse witness, jailhouse informant or the accomplish witness testimony would have made the States case significantly less persuasive. The State presented evidence that appellant met with Robert Lewis Smith Jr. at the Nat 24 (RR Vol. 5, 37: 3-38:16) The appellant had 1030 dollars in cash on his person before and after meeting with Mr. Smith(RR Vol 5,135:2-13) And that Robert Lewis Smith Jr. had crack cocaine in his vehicle before and after meeting with the appellant. The State also offered prior testimony of the appellant through (Sx 22) admitting that he was dealing crack cocaine during that time period in Hunt County. This evidence without the jailhouse witness, jailhouse informant or accomplissh witness testimony leaves the States case devoid of avy evidence upon which a conviction could rest. Meeting Mr Smith at a gas station and later finding drugs in a vehicle he was riding in and afterwards he later admitted the drugs belong to him dosngt immediatelly infer that the drugs came from the appellant. In fact the defense presented the ony reason for the meeting between Mr. Smith and the appellant in cross-examinationof Mr. Smith when Mr. Smith was asked whether it was true that the appellant met him that day only to pick up his step daughters house keys. (RR Vol.5.84: 23-85:3) Also having 1030 dollars in cash on him after meeting with Mr Smith does not infer that the appellant sold Mr. Smith the crack cocaine. Any inference that the money must be from the sale of drugs is down played by the fact that the cost of drugs in Smith possession was only 200.00 (RR Vol.5, 42:11-22) Finally appellant testifying in a Federal trial that he sold cocaine at some point and time does not tend to connect the appellant as the dealer from whom Mr Smith received his cocaine, if it did then one might infer that the appellant was the dealer for every person he came into contact with who was in possession of such a drug. Something a reasonable juror would not do. Thus (EGREGIOUS HARM) occured to the appellant in this case because the corroboration evidence was of such a nature that without the jailhouse witness, jailhouse informant or accomplish witness testimony the States case against appellant was significantly less persuasive.
 Appellant contends based on Smith own admission to buying drugs to deliver them to another County, Smith could have been charged with the same crime as appellant.(RR Vol 5 of 10 trial on merits pg 79 80, 87,89,90,91,93,94,95,96, Therefore Smith should have been considered a accomplish witness, jailhouse witness, or a jailhouse informant as set out by rule of law, all three are characterized as the same. Smith alledges he was in a drug ditrabution relationship with appellant for over three years RR.Vol 5 of 10 trial on merits pg,90,91,92,93,

13

Also Mr Smith prior convictions indicates two convictions for manufacture delivery. Another for possession and also a federal conviction for conspiracy to distribute over 200 kilo of cocaine base resulting from the same charge as appellants federal charge whereas Asst. District Attorney Keli M. Aikin states all of this occured during the same conspiracy time frame RR Vol 5 of 10 trial on merits pg.79,80,81,86.87,90,91,92,93,94 and (Sx 22)

Appellant argues it's unjust to convict an individual based solely off a officers training and experience based on the fact he thought a drug transaction occurred. Dect. Warren Mitchell stated he and two other officers were in a vehicle sitting approximately fifty yards away across the street looking at appellant Evens dark lemo tented windows truck inwitch you couldn't,see in at,five yards away, assuming a drug transaction transpired. It's a gross miscarrage of justice to convict an individual based solely on what two or three officers assume was happening. RR: reporters records Vol 5 of 10 trial on merits pg 38,52,57,60,61,64,65,;

Dect. Jason Witten who was sitting in the same vehicle with Dect. Mitchell and Det Vic Roberts stated all three individuals were sitting approximately 50 yards across the street looking at a dark lemo tented windows truck assuming a drug transaction was happening. Theres no reliable proof a drug transaction was taking placeonly assumption. RR Vol 5 of 10 trial on merits pg,115,116,117,119,120,121

Asst. District Attorney Keli M.Aikin states all of this implicating the drug transaction occured in front of three cops indicating to the jury three cops actually witness appellant Evens selling drugs to Mr Smithinwhich isn't true. This was a bold attempt to taint the jury RR.Vol 5 of 10 trial on merits pg 168.

Defense counsel Chris Castanon indicates theres no reliable evidence to support a guilty verdict. RR.Vol 5 of 10 trial on merits pg 165 166,167. Appellant Evens contends he did not have a fair trial and the evidence presented at trial was insufficient to support a guilty verdict.

### ARGUEMENT #5

Whether the Sixth Court of appeals error in evulating the sufficiency of evidence.

(A) Appellant Evens contends his first second, third, fourt and fifth grounds and arguements are consistant and the States evidence is legally and factually insufficient to sustain his conviction because the State failed to present evidence to corroborate with Robert Lewis Smith Jr. testimony reguarding a offer to sell him cocaine.

(B) The State failed to present evidence that appellant ever actually was in possession of cocaine.

(C) The State failed to prove that appellant ever actually manufactured or delivered the drugs in question.

(D) In reguards to the 1030 dollars in currency that was in appellants possession on Nov 09th 2010 none of those bills were marked, therefore to randomally pick out ten tweenty dollar bills out of 46 tweenty dollar bills definately is not sufficient corroboration.

(E) Futhermore 5.63 grams of crack cocaine is a insufficient amount in weight to support a manufacture delivery charge.

14

(F) Appellant contends he was found guilty only because he associated with a guilty person on Nov 09th 2010 and there was no sufficient evidence to support a guilty verdict.

(G) There was no audio, vedio, marked money, or wire taps introduced to support States case.

(H) The State relied solely on Robert Lewis Smith Jr. testimony to support their case and a conviction.

(I) Futhermore the jury received no curative instruction without a Art 38.14, 38.075 or 38.17 Appellant did not and could ahve received a fair trial.

## CONCLUSION AND PRAYER FOR RELIEF

Wherefore premises considered, Appellant Respectfully prays that his judgment in the above entitled and Numbered caused be reversed and rendered. Appellant futher prays for all other lawful relief to which he may be entitled, at law or in equity.

RESPECTFULLY SUBMITTED

*Bobby Joe Evens*

BOBBY JOE EVENS #1995944
PRO SE APPELLANT
POLUNSKY UNIY.
3872 F.M.350 SOUTH
LIVINGSYON,TEXAS 77351

## CERTIFICATE OF SERVICE

The undersigned pro se appellant/petitioner hereby certifies that a true and correct copy of the foregoing petition for discretionary review has been mailed U.S. mailpostage prepaid,to the Court of Criminal Appeals in Austin Texas care of Mr. Able Acosta, clerk of Criminal Appeals, P.O.Box 12308 Austin Tx 78711 on tis 14 day of December,2015



# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-15-00079-CR

---

BOBBY JOE EVENS, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 196th District Court
Hunt County, Texas
Trial Court No. 27,388

---

Before Morriss, C.J., Moseley and Burgess, JJ.
Opinion by Chief Justice Morriss

# OPINION

After sitting in Bobby Joe Evens' truck for less than two minutes,[1] Robert Lewis Smith, Jr., exited Evens' truck and returned to the adjacent sedan in which, scant minutes before, Smith had arrived on the Greenville, Texas, convenience store parking lot. The nearby Greenville, Texas, police officers who observed this event believed a drug sale had just taken place.[2] Evens departed from the lot in his truck, but was immediately stopped by one officer. Smith, the sedan, and the sedan's driver were detained on the spot by another. A search of Evens' truck turned up $1,030.00 in cash, including at least $200.00 in twenty-dollar bills, while the search of Smith's sedan turned up crack cocaine.[3]

Evens was tried by a jury for possession of more than four grams but less than 200 grams of crack cocaine, with intent to deliver.

---

[1] Warren Mitchell, an investigator with the Greenville Police Department, testified that, when he saw Evens driving his Ford truck, Mitchell followed him to the NAT 24 gas station and convenience store. Evens parked close to the corner of the store, but did not get gas, get out of the truck, or go into the convenience store. Mitchell also saw a white Ford sedan park next to Evens' truck. The sedan's driver, a Hispanic female, walked into the store, and the passenger, a black male, later identified as Robert Lewis Smith, Jr., got out of the vehicle, walked around the back of it, and got into Evens' front passenger seat.

[2] Mitchell witnessed the events from less than 100 yards away from Evens' vehicle. Mitchell testified that, based on his training and experience, he believed a drug transaction had just occurred between Evens and Smith. Mitchell called other officers to stop Evens and Smith when they left the convenience store. Jason Whitten and Vic Roberts, also investigators with the Greenville Police, were in Mitchell's vehicle throughout the incident. Whitten's testimony describing the events substantially matched that of Mitchell.

[3] Officer Larry Henderson, responding to Mitchell's call, stopped Smith's car in the gas station's parking lot, got out and approached the car. Henderson saw Smith, who was sitting in the front passenger seat, make a "distinct stuffing motion to the left side in between the driver seat and the passenger seat." After having Smith and the other passenger get out of the car and identify themselves, Henderson determined that Smith had at least one outstanding warrant for his arrest. Henderson took Smith into custody, pursuant to the arrest, searched the area of the car where Smith made the stuffing motion, and found a bag containing what was later determined to be about five grams of crack cocaine. Smith testified that he had bought seven grams of crack cocaine from Evens, but Mitchell testified that the 5.63 grams of crack cocaine found in Smith's car could have weighed about seven grams at the time of sale and seizure, because crack dries out while in police packaging and frequently weighs less at the time it is tested than it did at the time it was sold.

2

Smith testified for the State at trial. He admitted that he met Evens at the NAT 24 gas station and bought seven grams of crack cocaine from him. He intended to resell half of the drugs he bought from Evens in another county. Smith paid Evens $200.00, made up of ten twenty-dollar bills.[4]

The State also introduced as an exhibit the transcript of Evens' prior testimony in a federal case, *United States v. Anderson*, No. 4:11-CR-166, 2013 WL 2242322 (E.D. Tex. May 21, 2013, order) in which Evens admitted that (1) his most recent employment included selling drugs, including crack cocaine, (2) he distributed drugs in "Hunt County, Greenville, Texas" from February 2010 through September 2011, (3) he had drug customers in the Greenville area and also a customer from Emory, Texas, (4) he primarily delivered crack cocaine to his customers at convenience stores in Greenville, (5) a typical sale of crack cocaine consisted of 3.5 grams, but he also sold it in 7-gram amounts, called a "Vick," and (6) he remembered meeting with Smith at a convenience store and subsequently being stopped by police while having over $1,000.00 in cash in his possession.

Evens was found guilty and sentenced to life in prison.[5]

On appeal, Evens argues that, because Smith was an accomplice, the trial court erred by omitting the accomplice-witness instruction from the jury charge[6] and Smith's testimony was not

---

[4]Mitchell testified that, at the time of the incident, seven grams of crack cocaine was selling on the street for $200.00.

[5]Due to two prior felony convictions, Evens' punishment range was enhanced to twenty-five to ninety-nine years or life in prison.

[6]Whether a witness is an accomplice can be decided as a matter of law or of fact, and the evidence in each case will determine that question. *Cocke v. State*, 201 S.W.3d 744, 747 (Tex. Crim. App. 2006). If the evidence is conflicting or unclear on this point, the jury should answer the question. *Blake v. State*, 971 S.W.2d 451, 455 (Tex. Crim. App.

sufficiently corroborated[7]—both arguments premised on Smith's alleged status as an accomplice to the charged offense. We affirm the trial court's judgment because Smith was not an accomplice to Evens' offense.

"An accomplice is an individual who participates with a defendant before, during, or after the commission of the crime and acts with the requisite culpable mental state." *Cocke v. State*, 201 S.W.3d at 748. To become an accomplice, the individual must take an affirmative action that promotes the commission of the charged offense. *Paredes v. State*, 129 S.W.3d 530, 536 (Tex. Crim. App. 2004). Evidence must demonstrate that the individual participated culpably in the charged offense. *Id.*; *see Blake v. State*, 971 S.W.2d 451, 454–55 (Tex. Crim. App. 1998). Evidence must support charging the individual with the charged offense. *Blake*, 971 S.W.2d at 455. That the individual is complicit with the accused in committing an offense other than the one charged is insufficient to make him or her an accomplice. *Druery v. State*, 225 S.W.3d 491, 498 (Tex. Crim. App. 2007). One is not an accomplice witness who cannot be prosecuted for the offense with which the accused is charged. *Kunkle v. State*, 771 S.W.2d 435, 439 (Tex. Crim. App. 1986); *Sheffield v. State*, 847 S.W.2d 251 (Tex. App.—Tyler 1992, pet. ref'd).

The record in this case contains no evidence that Smith participated with Evens by "an affirmative act that promoted" Evens' possession with intent to deliver. *See Paredes*, 129 S.W.3d

---

1998). Whether a jury instruction is needed requires a case-specific and fact-specific inquiry. *Cocke*, 201 S.W.3d at 748.

[7] A conviction cannot rest solely on the testimony of an accomplice, but requires corroboration by other evidence that tends to connect the defendant to the offense. TEX. CODE CRIM. PROC. ANN. art. 38.14 (West 2005). The other, non-accomplice, evidence is not required to establish guilt beyond a reasonable doubt, but need only tend to connect the defendant to the offense. *Hernandez v. State*, 939 S.W.2d 173, 176 (Tex. Crim. App. 1997).

at 536. Though Smith, like Evens, could have been charged with possession of more than four grams, but less than 200 grams, of crack cocaine with intent to deliver, Smith could not be charged with Evens' possession with intent to deliver or a lesser-included offense thereof. To the contrary, Smith's charge would be based on a separate and distinct instance of possession with intent to deliver—it would not be the same offense with which Evens was charged. Because Smith could not be prosecuted for the same offense as Evens, he cannot be an accomplice witness. *See Kunkle*, 771 S.W.2d at 439.

Finding no evidence that Smith took any action that promoted Evens' possession of the contraband, with Evens' intent to deliver the same, we must conclude that there was no fact question on whether Smith encouraged or aided Evens in committing the charged offense. *See Korell v. State*, 253 S.W.3d 405, 409–12 (Tex. App.—Austin 2008, pet. ref'd). The evidence in this record is that Smith's involvement with Evens was strictly as his buyer, not an accomplice. *See Hoffman v. State*, 70 S.W.2d 182, 184 (Tex. Crim. App. 1934) (during prohibition, person aiding only purchaser of whiskey, not accomplice of whiskey seller).

Because, as a matter of law, Smith was not an accomplice as to the charged offense of Evens, the trial court was not required to provide the jury with an accomplice-witness instruction and corroborating evidence need not be analyzed for sufficiency.

We affirm the trial court's judgment.

Josh R. Morriss, III
Chief Justice

Date Submitted:     September 2, 2015
Date Decided:      September 18, 2015

Publish

Bobby Joe EVENS
#1995944
Polunsky UNIT
3872 F.M. 350 South
LIVINGSTON TEXAS
77351

MAil Sent
10/15

W.C. Abe
Court C
PO B
Austi